# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADELL M. DIXON, | CASE NO. 1:11-cv-01323-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| KELLY HARRINGTON, et al., | Doc. 1 |
| Defendants. | |
| _____/ | THIRTY-DAY DEADLINE |

**Screening Order**

**I. Procedural History, Screening Requirement, and Standard**

On August 11, 2011, Plaintiff Tradell M. Dixon ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader

1  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
2  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
3  do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,
4  550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I*
5  *v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted
6  as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

7  While prisoners proceeding pro se in civil rights actions are still entitled to have their
8  pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is
9  now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must
10 demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*
11 *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations
12 sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*,
13 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this
14 plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

15 Section 1983 provides a cause of action for the violation of constitutional or other federal
16 rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971
17 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link
18 between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at
19 678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,
20 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may
21 only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677-79; *Ewing*
22 *v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Plaintiff's Complaint

24 In Plaintiff's complaint, he names defendants Kelly Harrington, Warden; M.D. Biter, Chief
25 Deputy Warden; J.R. Garza, Captain; B. Daveiga, Appeals Coordinator; Doe 1 Associate Warden;
26 Doe 2 Correctional Counselor; Doe defendants, classification staff representatives; and Does 5-1000,
27 who were employed at Kern Valley State Prison ("KVSP"). Plaintiff also names Doe 3 Warden; Doe
28 defendants, classification staff representatives; and Doe 4 Correctional Counselor, who were

employed at California State Prison, Delano. Compl. at 1, 4-5, 9, Doc. 1.

On December 6, 2004, Plaintiff was involved in an altercation with inmate Slack at Folsom State Prison. *Id.* at 6, 15. Correctional officer Jennifer Smith observed inmate Slack and Plaintiff push each other in the upper chest and shoulder area with their hands. *Id.* at 15. Plaintiff began to strike inmate Slack in his upper chest and head with his fist approximately 2 to 6 times. *Id.* Officer Smith ordered Plaintiff and inmate Slack to "get down." *Id.* As they were complying, inmate Campbell began to strike Plaintiff with his fist in the upper chest area. *Id.* Officer Smith ordered inmate Campbell to "get down," but he refused her orders. *Id.* Officer Smith then pepper sprayed inmate Campbell. *Id.*

On December 7, 2004, Plaintiff was placed in administrative segregation pending investigation of Plaintiff being a victim of a battery. *Id.* at 16. A confidential memorandum dated December 7, 2004 indicated that Plaintiff may again be assaulted unless he is removed from general population. *Id.* As a result of the assault, inmates Slack and Campbell were classified as enemies of Plaintiff. *Id.* at 6. Plaintiff alleges that inmates Slack and Campbell were prohibited from being housed at the same prison as Plaintiff, but he does not submit any documents to support this allegation. *Id.* Plaintiff was subsequently transferred to Ironwood State Prison. *Id.*

In May 2009, Plaintiff was housed at KVSP in Facility D. *Id.* Doe 2 Correctional Counselor called Plaintiff into the office and informed him that inmate Slack had been transferred to KVSP. *Id.* The Counselor asked Plaintiff to sign a "marriage chrono," stating Plaintiff and inmate Slack are still enemies. *Id.*[1] Plaintiff refused to sign the marriage chrono because it would show that they were not enemies. *Id.* Plaintiff told the Counselor that he feared for his life from Slack's presence at the facility. *Id.* The prison then transferred inmate Slack to Facility B. *Id.* Plaintiff thought inmate Slack was transferred out of the prison. *Id.*

On June 22, 2010, Plaintiff was moved from Facility D to Facility B, due to Facility D converting to a "sensitive needs yard." *Id.* at 7. Plaintiff was unaware that inmate Slack was housed in Facility B. *Id.*

---

[1] The Court recognizes that it is customary for prisons to use "marriage chronos" to jointly house inmates.

On July 7, 2010, Correctional Officer J. Gonzalez and P. Gonzalez observed Plaintiff and inmate Slack striking one another in the facial and upper torso area with closed fists. *Id.* at 33. The officers approached and ordered the inmates to "get down" but they did not comply. *Id.* The officers then pepper sprayed both inmates and they complied. *Id.* Plaintiff suffered an abrasion to the back of his left hand and a reddened facial area. *Id.* at 24, 27. Inmate Slack suffered an abrasion to the inside of his right wrist. *Id.* at 25, 27. Plaintiff and inmate Slack are both "East Coast Crips." *Id.* at 27. P. Gonzalez issued Plaintiff and inmate Slack a rules violation report ("RVR") for fighting. *Id.* at 20, 28. On July 27, 2010, Lieutenant Morales held a hearing for the RVR and found Plaintiff not guilty, due to staff error in failing to identify inmate Slack as an enemy of Plaintiff. *Id.* at 21-22.

On August 25, 2010, Plaintiff submitted an appeal regarding the incident on July 7, 2010. *Id.* at 47. On September 13, 2010, B. Daveiga, KVSP Appeals Coordinator, screened out Plaintiff's appeal at the second level due to time constraints. *Id.* at 42-43. The appeal cancellation notice notified Plaintiff that he could not resubmit a cancelled appeal, but he could file a separate appeal on the cancellation decision. *Id.* On December 22, 2010, D. Foston, inmate appeals branch, rejected Plaintiff's appeal at the third level of review due to the cancellation at the institutional level. *Id.* at 41. Foston stated that if Plaintiff disagreed with the decision to contact the Appeals Coordinator and comply with instructions from that office. *Id.* Plaintiff alleges that the KVSP Appeals Coordinator fraudulently screened out his appeal and manipulated the grievance system to cover up staff negligence. *Id.* at 7, 9-10.[2]

---

[2] It appears that Plaintiff may not have properly exhausted his claims prior to initiating this action. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules," *id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Although Plaintiff attempted to exhaust following his transfer to a different prison, it appears that he did not pursue his appeal following its cancellation, by filing a separate appeal, as instructed by the KVSP Appeals Coordinator. Compl. at 56, Doc. 1. Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Therefore, whether Plaintiff properly exhausted his claims is not currently before this Court.

Plaintiff seeks injunctive relief; five million dollars in compensatory damages; and five million dollars in punitive damages. *Id.* at 11-12.

### III. Legal Standard and Analysis for Plaintiff's Claims

### A. Eighth Amendment Failure to Protect

### 1. Legal Standard

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. *E.g.*, *Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040.

Regarding the deliberate indifference prong of this analysis, a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* This requires examination of the subjective intent of the defendant; that the prison official defendant acted with a "sufficiently culpable state of mind" and deliberate indifference to an inmate's health or safety. *See Farmer*, 511 U.S. at 834. Neither negligence nor gross negligence will constitute deliberate indifference. *See id.* at 835-36 & n.4; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Allegations in a pro se complaint sufficient to raise an inference that the named prison officials acted with deliberate indifference—i.e, that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it—states a "failure-to-protect" claim. *Hearns*, 413 F.3d at 1041–42.

//

### 2. Analysis

Plaintiff's complaint fails because defendants' actions or omissions do not rise above negligence. Plaintiff alleges defendants failed to protect him, but Plaintiff fails to allege that defendants acted or failed to act with *deliberate* indifference. It will not suffice for Plaintiff merely to show that someone should have protected him, or that the attack on him was someone's fault; he must show that the defendants *knew* they should have protected him but failed to do so. *See Redman v. County of San Diego*, 942 F.2d 1435, 1454 (9th Cir. 1991) (citing *Leer v. Murphy*, 844 F.2d 628, 633–34 (9th Cir. 1988)) (holding that in § 1983 claim, the focus is on each individual defendant's fault and whether that fault caused harm). *Easter v. CDC*, 2012 WL 760639, at * 3 (S.D. Cal. Mar. 8, 2012). It is not enough for Plaintiff to allege that he believes that defendants knew or should have known that he was being placed in a situation of substantial risk to his safety in a conclusory fashion, attempting to implicate a broad swath of defendants. Plaintiff must set forth a factual predicate linking each defendant to the harm he allegedly suffered. *Manago v. Cate*, 2012 WL 525729, at *6 (E.D. Cal. Feb. 16, 2012). A showing of mere negligence or civil recklessness does not suffice. *See Farmer*, 511 U.S. at 835-47. Defendants' acts or omissions in failing to recognize inmate Slack as any enemy of Plaintiff appears to constitute no more than negligence, which is an insufficient basis upon which to predicate a § 1983 claim. *Crane v. Yarborough*, 2012 WL 1067965, at *8 (C.D. Cal. Feb. 6, 2012).

As for Doe 2 Correctional Counselor, Plaintiff's complaint fails to show that the Counselor failed to protect him because the Counselor took a reasonable step. *See Farmer*, 511 U.S. at 833. In May 2009, Plaintiff was housed at KVSP in Facility D. Compl. at 6, Doc. 1. Doe 2 Correctional Counselor called Plaintiff into the office and informed him that inmate Slack had been transferred to KVSP. *Id.* Plaintiff informed the Counselor inmate Slack was an enemy and that he feared for his life from Slack's presence at the facility. *Id.* The prison then transferred inmate Slack to Facility B. *Id.* Plaintiff thought inmate Slack was transferred out of the prison. *Id.* Plaintiff contends that inmate Slack should have been transferred to a different prison, but from Plaintiff's allegations, it appears that a transfer to a different prison was unnecessary since he did not come into contact with inmate Slack until Plaintiff was moved from Facility D to Facility B, due to Facility D converting to a

"sensitive needs yard." *Id.* at 7. Thus, Plaintiff's complaint does not show failure to protect because the Counselor took a reasonable step by transferring inmate Slack to Facility B when Plaintiff was housed at Facility D. *See Farmer*, 511 U.S. at 833. Therefore, Plaintiff fails to state a cognizable claim against any defendants based upon Eighth Amendment failure to protect.

### B. Supervisory Liability and Linkage

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff names defendants Kelly Harrington, Warden; M.D. Biter, Chief Deputy Warden; J.R. Garza, Captain; Doe 1 Associate Warden, who were employed at Kern Valley State Prison, and Doe 3 Warden, who was employed at California State Prison, Delano. Compl. at 1, 4-5, Doc. 1. Plaintiff's allegations are insufficient to hold defendants liable based on a position of authority as Plaintiff has not alleged any facts linking the defendants to acts or omissions, which suggest that the defendants participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against defendants Kelly Harrington, Warden; M.D. Biter, Chief Deputy Warden; J.R. Garza, Captain; Doe 1 Associate Warden, and Doe 3 Warden, based upon supervisory liability.

### C. Inmate Appeals and Defendants Related to Inmate Appeals Process

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*,

997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under § 1983. *Buckley*, 997 F.2d at 495.

Plaintiff also seeks to impose liability under the Fourteenth Amendment on individuals related to the inmate appeals process including B. Daveiga, Appeals Coordinator. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The mere possibility of misconduct is insufficient to support a claim, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969, and there is inadequate factual support for a claim that in denying his inmate appeals, defendants knew of and disregarded a substantial risk of harm to Plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Nevertheless, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006).

On August 25, 2010, Plaintiff submitted an appeal regarding the incident on July 7, 2010. Compl. at 47, Doc. 1. On September 13, 2010, Daveiga, KVSP Appeals Coordinator, screened out Plaintiff's appeal at the second level due to time constraints. *Id.* at 42-43. The appeal cancellation notice notified Plaintiff that he could not resubmit a cancelled appeal, but he could file a separate appeal on the cancellation decision. *Id.*

Daveiga found that Plaintiff failed to comply with time constraints. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course

of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 91, 103 (2006). Thus, the complaint demonstrates that the defendants involved in the appeal process did not willfully turn a "blind eye" to constitutional violations but had a valid basis to reject Plaintiff's untimely appeal. *Jett*, 439 F.3d at 1098. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process and individuals related to the inmate appeals process.

### D. Conspiracy

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . " *Id.*

Plaintiff appears to allege conspiracy, but Plaintiff does not make any specific allegations regarding the conspiracy or the parties to the conspiracy. Therefore, his allegation is conclusory and there are no specific facts supporting the existence of a conspiracy. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001). As such, a bare allegation that defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under § 1983.

//

**E. Personal Participation and Doe Defendants**

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934. The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. *Id.*

In Plaintiff's complaint, he names defendants Doe 1 Associate Warden; Doe 2 Correctional Counselor; Doe defendants, classification staff representatives; and Does 5-1000, who were employed at Kern Valley State Prison, and Doe 3 Warden; Doe defendants, classification staff representatives; and Doe 4 Correctional Counselor, who were employed at California State Prison, Delano. Compl. at 1, 4-5, Doc. 1. However, Plaintiff fails to allege any facts personally linking the Doe defendants to the alleged rights violations. There is no evidence that the Doe defendants personally participated in the events alleged in Plaintiff's complaint, and a doe defendant cannot be held liable based solely upon a supervisory position. Plaintiff cannot proceed against a doe defendant unless he alleges how each personally violated, or knowingly directed a violation of his constitutional rights. Moreover, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

**F. Violation of State Prison Rules and Regulations**

Violations of state prison rules and regulations, without more, do not support any claims under section 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

### IV. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and
4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   September 6, 2012

UNITED STATES MAGISTRATE JUDGE