# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADELL M. DIXON, | CASE NO. 1:11-cv-01323-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| KELLY HARRINGTON, et al., | Doc. 10 |
| Defendants. | |

**Screening Order**

**I. Procedural History, Screening Requirement, and Standard**

On August 11, 2011, Plaintiff Tradell M. Dixon ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On September 6, 2012, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 9. On September 24, 2012, Plaintiff filed an amended complaint. Doc. 10.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2        A complaint must contain "a short and plain statement of the claim showing that the pleader
3  is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
4  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
5  do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,
6  550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I*
7  *v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted
8  as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

9        While prisoners proceeding pro se in civil rights actions are still entitled to have their
10  pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is
11  now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must
12  demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v.*
13  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations
14  sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*,
15  572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this
16  plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

17        Section 1983 provides a cause of action for the violation of constitutional or other federal
18  rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971
19  (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link
20  between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at
21  678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,
22  570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may
23  only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677-79; *Ewing*
24  *v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

25        **II. Plaintiff's Amended Complaint**

26        In Plaintiff's amended complaint, he names defendants J.R. Garza, Captain; Doe 1
27  Correctional Counselor; Does 2-6 Classification Staff Representatives; and Does 7-100, who were
28  employed at Kern Valley State Prison ("KVSP"). Am. Compl. at 1, 3, Doc. 10. In Plaintiff's

amended complaint, he did not name or make any allegations against defendants Kelly Harrington, Warden; M.D. Biter, Chief Deputy Warden; B. Daveiga, Appeals Coordinator; or Doe defendant Associate Warden, who Plaintiff previously named in his original complaint. *See* Am. Compl. at 1, 3, Doc. 10; *see also* Compl. at 1, 4-5, 9, Doc. 1. In Plaintiff' original complaint, he alleged that the KVSP Appeals Coordinator fraudulently screened out his appeal and manipulated the grievance system to cover up staff negligence. Compl. at 7, 9-10, Doc. 1.[1]

Plaintiff alleges defendant J.R. Garza was the Captain at KVSP and in charge of making sure Plaintiff's central file was properly reviewed for possible enemies before classifying inmates. Am. Compl. at 3-4, Doc. 10. Doe 1 Correctional Counselor, Does 2-6 Classification Staff Representatives, and Does 7-100 worked in active concert with defendant Garza and the "Green Wall Code of Silence and Prison Administration." *Id.* at 4.

On December 6, 2004, Plaintiff was involved in an altercation with inmate Slack at Folsom State Prison. *Id.* at 5, 14. Correctional officer Jennifer Smith observed inmate Slack and Plaintiff push each other in the upper chest and shoulder area with their hands. *Id.* at 14. Plaintiff began to strike inmate Slack in his upper chest and head with his fist approximately 2 to 6 times. *Id.* Officer

---

[1] On August 25, 2010, Plaintiff submitted an appeal regarding the incident on July 7, 2010. Am. Compl. at 46, Doc. 10. On September 13, 2010, B. Daveiga, KVSP Appeals Coordinator, screened out Plaintiff's appeal at the second level due to time constraints. *Id.* at 41-42. The appeal cancellation notice notified Plaintiff that he could not resubmit a cancelled appeal, but he could file a separate appeal on the cancellation decision. *Id.* On December 22, 2010, D. Foston, inmate appeals branch, rejected Plaintiff's appeal at the third level of review due to the cancellation at the institutional level. *Id.* at 40. Foston stated that if Plaintiff disagreed with the decision to contact the Appeals Coordinator and comply with instructions from that office. *Id.* On March 24, 2011, R. Davis, reviewed an appeal by Plaintiff regarding allegations of misconduct by Daveiga, KVSP Appeals Coordinator. *Id.* at 53. Davis found no staff misconduct by Daveiga. *Id.* Thus, it appears that Plaintiff may not have properly exhausted his claims prior to initiating this action. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules," *id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Although Plaintiff contends that he exhausted his claims, it appears that he only exhausted his claims as to allegations of misconduct against Daveiga. Am. Compl. at 53, Doc. 10. Since Davis found no misconduct by Daveiga, it would appear that the Appeals Coordinator correctly rejected Plaintiff's appeal filed August 25, 2010, for untimeliness regarding the incident from July 7, 2010. *See id.* Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Therefore, whether Plaintiff properly exhausted his claims is not currently before this Court.

Smith ordered Plaintiff and inmate Slack to "get down." *Id.* As they were complying, inmate Campbell began to strike Plaintiff with his fist in the upper chest area. *Id.* Officer Smith ordered inmate Campbell to "get down," but he refused her orders. *Id.* Officer Smith then pepper sprayed inmate Campbell. *Id.*

On December 7, 2004, Plaintiff was placed in administrative segregation pending investigation of Plaintiff being a victim of a battery. *Id.* at 15. A confidential memorandum dated December 7, 2004 indicated that Plaintiff may again be assaulted unless he is removed from general population. *Id.* As a result of the assault, inmates Slack and Campbell were classified as enemies of Plaintiff. *Id.* at 5. Plaintiff alleges that inmates Slack and Campbell were prohibited from being housed at the same prison as Plaintiff, but he does not submit any documents to support this allegation. *Id.* Plaintiff was subsequently transferred to Ironwood State Prison. *Id.*

In May 2009, Plaintiff was housed at KVSP in Facility D. *Id.* Doe 1 Correctional Counselor called Plaintiff into the office and informed him that inmate Slack had been transferred to KVSP. *Id.* The Counselor asked Plaintiff to sign a "marriage chrono," stating Plaintiff and inmate Slack are still enemies. *Id.*[2] Plaintiff refused to sign the marriage chrono because it would show that they were not enemies. *Id.* Plaintiff told the Counselor that he feared for his life from Slack's presence at the facility. *Id.* at 5-6.

In June 2010, Facility D was in transition from general population ("GP") to a sensitive needs yard. ("SNY"). *Id.* at 6. In June 2010, Doe 1 Correctional Counselor was outraged that Plaintiff refused to sign the marriage chrono, and due to being overloaded with work, he went to his peers, defendant Captain Garza and Does 2-6 Classification Staff Representatives, to hold a classification hearing outside the presence of Plaintiff. *Id.* Plaintiff contends that during this unauthorized secret classification hearing led by defendant Garza, Doe 1 Correctional Counselor and Does 2-6 Classification Staff Representatives engaged in a "full-out Green Wall Operation" against Plaintiff, setting the stage for a "gladiator fight." *Id.*

On July 7, 2010, Correctional Officer J. Gonzalez and P. Gonzalez observed Plaintiff and

---

[2] The Court recognizes that it is customary for prisons to use "marriage chronos" to jointly house inmates.

inmate Slack striking one another in the facial and upper torso area with closed fists. *Id.* at 32. The officers approached and ordered the inmates to "get down" but they did not comply. *Id.* The officers then pepper sprayed both inmates and they complied. *Id.* Plaintiff suffered an abrasion to the back of his left hand and a reddened facial area. *Id.* at 23, 26. Inmate Slack suffered an abrasion to the inside of his right wrist. *Id.* at 24, 26. Plaintiff and inmate Slack are both "East Coast Crips." *Id.* at 26. P. Gonzalez issued Plaintiff and inmate Slack a rules violation report ("RVR") for fighting. *Id.* at 19, 27.

On July 27, 2010, Lieutenant Morales held a hearing for the RVR and found Plaintiff not guilty, due to staff error in failing to identify inmate Slack as an enemy of Plaintiff. *Id.* at 7, 20-21. Plaintiff does not believe Lt. Morales is a member of the Green Wall, but when Plaintiff inquired about the subject, she never denied it. *Id.* at 7-8.

Plaintiff alleges Doe 1 Correctional Counselor and Does 2-6 Classification Staff Representatives violated due process and equal protection in refusing to afford Plaintiff being able to attend any committee hearing between June 22, 2010 and July 7, 2010, for his transfer from Facility D to Facility B. *Id.* at 8. Defendants Captain Garza, Doe 1 Correctional Counselor, and Does 2-6 Classification Staff Representatives were deliberately indifferent to Plaintiff's safety and knew about the CDC-812 because Doe 1 Correctional Counselor asked Plaintiff to sign a "marriage chrono." *Id.* at 8-9.

For relief, Plaintiff seeks a declaratory judgment, an injunction; five million dollars ($5,000,000) in compensatory damages; and five million dollars ($5,000,000) in punitive damages. *Id.* at 10-11.

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. Eighth Amendment Failure to Protect

#### 1. Legal Standard

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S.

825, 832-33 (1994). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. *E.g.*, *Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040.

Regarding the deliberate indifference prong of this analysis, a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* This requires examination of the subjective intent of the defendant; that the prison official defendant acted with a "sufficiently culpable state of mind" and deliberate indifference to an inmate's health or safety. *See Farmer*, 511 U.S. at 834. Neither negligence nor gross negligence will constitute deliberate indifference. *See id.* at 835-36 & n.4; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Allegations in a pro se complaint sufficient to raise an inference that the named prison officials acted with deliberate indifference—i.e, that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it—states a "failure-to-protect" claim. *Hearns*, 413 F.3d at 1041–42.

### 2. Analysis

Plaintiff's amended complaint fails because defendants' actions or omissions do not rise above negligence. Plaintiff alleges defendants failed to protect him, but Plaintiff fails to allege that defendants acted or failed to act with *deliberate* indifference. It will not suffice for Plaintiff merely to show that someone should have protected him, or that the attack on him was someone's fault; he must show that the defendants *knew* they should have protected him but failed to do so. *See Redman v. County of San Diego*, 942 F.2d 1435, 1454 (9th Cir. 1991) (citing *Leer v. Murphy*, 844 F.2d 628, 633–34 (9th Cir. 1988)) (holding that in § 1983 claim, the focus is on each individual defendant's fault and whether that fault caused harm). *Easter v. CDC*, 2012 WL 760639, at * 3 (S.D. Cal. Mar. 8, 2012). It is not enough for Plaintiff to allege that he believes that defendants knew or should have

known that he was being placed in a situation of substantial risk to his safety in a conclusory fashion, attempting to implicate a broad swath of defendants. Plaintiff must set forth a factual predicate linking each defendant to the harm he allegedly suffered. *Manago v. Cate*, 2012 WL 525729, at *6 (E.D. Cal. Feb. 16, 2012). A showing of mere negligence or civil recklessness does not suffice. *See Farmer*, 511 U.S. at 835-47. Defendants' acts or omissions in failing to recognize inmate Slack as any enemy of Plaintiff appears to constitute no more than negligence, which is an insufficient basis upon which to predicate a § 1983 claim. *Crane v. Yarborough*, 2012 WL 1067965, at *8 (C.D. Cal. Feb. 6, 2012).

As for Doe 1 Correctional Counselor, Plaintiff's complaint fails to show that the Counselor failed to protect him because the Counselor took a reasonable step. *See Farmer*, 511 U.S. at 833. In May 2009, Plaintiff was housed at KVSP in Facility D. Am. Compl. at 5, Doc. 10. Doe 1 Correctional Counselor called Plaintiff into the office and informed him that inmate Slack had been transferred to KVSP. *Id.* Plaintiff informed the Counselor inmate Slack was an enemy and that he feared for his life from Slack's presence at the facility. *Id.* The prison then transferred inmate Slack to Facility B. Compl. at 6, Doc. 1. Plaintiff contends that inmate Slack should have been transferred to a different prison, but from Plaintiff's allegations, it appears that a transfer to a different prison was unnecessary since he did not come into contact with inmate Slack until Plaintiff was moved from Facility D to Facility B, due to Facility D converting to a "sensitive needs yard." *Id.* at 7. Thus, Plaintiff's amended complaint does not show failure to protect because the Counselor took a reasonable step by transferring inmate Slack to Facility B when Plaintiff was housed at Facility D. *See Farmer*, 511 U.S. at 833. Therefore, Plaintiff fails to state a cognizable claim against any defendants based upon Eighth Amendment failure to protect.

### B. Supervisory Liability and Linkage

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or

directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff names defendant J.R. Garza, Captain, and alleges defendant should have known the contents of Plaintiff's central file. Am. Compl. at 3-4, Doc. 10. Plaintiff's allegations are insufficient to hold a defendant liable based on a position of authority as Plaintiff has not alleged any facts linking the defendant to acts or omissions, which suggest that the defendant participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against defendant J.R. Garza, Captain, based upon supervisory liability.

### C. Conspiracy

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . " *Id.*

Plaintiff alleges defendants held a "secret meeting" and engaged in a "full-out Green Wall Operation" against Plaintiff, setting the stage for a "gladiator fight." Am. Compl. at 6, Doc. 10. This allegation is vague and conclusory, and there are no specific facts supporting the existence of a conspiracy. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001). As such, a bare allegation that defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under § 1983.

### D. Personal Participation and Doe Defendants

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934. The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Id.* at 676. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. *Id.*

In Plaintiff's complaint, he names defendants Doe 1 Associate Warden; Doe 2 Correctional Counselor; Doe defendants, classification staff representatives; and Does 5-1000, who were employed at Kern Valley State Prison, and Doe 3 Warden; Doe defendants, classification staff representatives; and Doe 4 Correctional Counselor, who were employed at California State Prison, Delano. Compl. at 1, 4-5, Doc. 1. However, Plaintiff fails to allege any facts personally linking the Doe defendants to the alleged rights violations. There is no evidence that the Doe defendants personally participated in the events alleged in Plaintiff's complaint, and a doe defendant cannot be held liable based solely upon a supervisory position. Plaintiff cannot proceed against a doe defendant unless he alleges how each personally violated, or knowingly directed a violation of his constitutional rights. Moreover, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

//

//

**E. Fourteenth Amendment Due Process**

Plaintiff alleges defendants conspired and had a secret meeting, violating his right to due process.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Austin*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Austin*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff has not alleged any facts to support his claims of a "secret meeting," which precludes him from bringing a due process claim. *Wilkinson*, 545 U.S. at 221; *Sandin*, 515 U.S. at 484; *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997). Furthermore, Plaintiff has not shown that he was denied the minimal protections he was due under federal law. *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974); *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin*, 515 U.S. 472. Plaintiff's due process claim fails because he has not identified the existence of a protected liberty interest. Plaintiff's allegations of denial of participation in a "secret meeting" do not implicate a protected interest, and the absence of an identifiable interest precludes the finding of a viable due process claim. *Austin*, 545 U.S. at 221.

Plaintiff's unsupported allegations of falsity, which are sprinkled throughout his brief complaint, amount to nothing more than legal conclusions, which cannot support a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the violations of due process.

**F. Equal Protection / Discrimination**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A plaintiff can establish an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. *See e.g., Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff fails to allege facts which indicate that defendants treated him differently on the basis of a protected class. Therefore, Plaintiff fails to state a cognizable § 1983 Equal Protection claim against defendants.

**G. Records in Plaintiff's Central File**

The Ninth Circuit has not found that prisoners have an independent right, grounded in the Due Process Clause, to an accurate prison record. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318-19 (9th Cir. 1987); *see Johnson v. Rodriguez*, 110 F.3d 299, 308-09 & n.13 (5th Cir. 1997). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon records from his central file.

**IV. Conclusion and Order**

Plaintiff's amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the Court finds that further leave to amend is not warranted.

//

Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Court HEREBY ORDERS that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983.

IT IS SO ORDERED.

Dated: January 2, 2013

UNITED STATES MAGISTRATE JUDGE